IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLEN F. THOMAS,

                        OPINION and ORDER

          Petitioner,

                        17-cv-4-bbc

     v.

DOUG BELLILE,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Allen F. Thomas has filed a petition for a writ of habeas corpus in which he challenges his civil commitment and the determination that he is a "sexually violent person" under Wisconsin Statutes ch. 980.  Petitioner has paid the $5 filing fee, so his petition is ready for screening.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief.

The primary issue that petitioner raises is that the state court erred by refusing to exclude certain expert testimony  that "did not meet the Daubert standard."  He also says without elaboration that admitting the evidence violated the due process clause and equal protection clause and that he received ineffective assistance of counsel.  For the reasons explained below, I conclude that petitioner cannot proceed with any of these claims.

OPINION

It is difficult to tell from the petition exactly what evidence petitioner is challenging and why he believes it should have been excluded, but it appears to relate to an expert's conclusion regarding the likelihood that plaintiff will reoffend. Wis. Stat. § 980.07(1) (allowing civil commitment of person who has been convicted of sexually violent offense and "who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence"). See also Gilbert v. McCulloch, 776 F.3d 487, 492 (7th Cir. 2015) ("[W]hat must be proven [for civil commitment] is that the person sought to be committed is dangerous to himself or others, along with some additional factor such as mental illness, or mental abnormality, or a personality disorder that results in serious difficulty in controlling behavior.") (internal quotations and citations omitted). When petitioner refers to the "Daubert standard," presumably he is referring to the standard for determining the admissibility of expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Petitioner's claim that the state court violated evidentiary rules cannot be raised in a petition for a writ of habeas corpus under § 2254. Petitioner must show that his confinement violates the United States Constitution or other federal law. Waddington v. Sarausad, 555 U.S. 179, 192 n. 5 (2009) ("[W]e have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (internal quotations omitted). Although Daubert sets forth a federal standard, federal evidentiary rules are not binding on state courts. The state court applied Daubert

only because that is the standard under state law as well.  Wis. Stat. Ann. § 907.02; State

v. Kandutsch, 2011 WI 78, 336 Wis. 2d 478, 491, 799 N.W.2d 865, 872 ("[T]he

Wisconsin Legislature amended Wis. Stat. § 907.02 to adopt the Daubert reliability

standard embodied in Federal Rule of Evidence 702.").  Because a federal court cannot

review a state court's determination of its own rules of evidence in the context of a habeas

petition, I cannot consider this claim.  Brown v. Watters, 599 F.3d 602, 616 (7th Cir. 2010)

(rejecting argument that petitioner could raise Daubert challenge in habeas petition).

Petitioner's claims under his rights to due process, equal protection and effective

assistance of counsel have other problems, both procedural and substantive.  As an initial

matter, petitioner does not explain the basis for any of his constitutional challenges, but I

assume they are related to the admission of the expert evidence because that it is the only

issue he discusses in his petition. One procedural problem with a possible constitutional

claim is that it does not appear that petitioner raised such a claim in state court.  In

petitioner's state appeal of the commitment order, the Wisconsin Court of Appeals said

nothing about any constitutional challenges.  Rather, petitioner argued only that some of

"the expert evidence did not meet the Daubert reliability standards."  In re Commitment of

Thomas, 2016 WI App 50, ¶ 3, 370 Wis. 2d 260, 881 N.W.2d 358.

When a petitioner fails to present a claim to the state court, he may not raise the

claim in a federal habeas petition unless he demonstrates (1) cause for the default and actual

prejudice from failing to raise the claim as required or (2) that enforcing the default would

lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F.3d 1205, 1211–12

(7th Cir.1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).  Ineffective

assistance of counsel can establish "cause" for a procedural default, but it is not clear whether

petitioner means to argue his counsel was ineffective at trial or on appeal for failing to raise

constitutional challenges.  The only mention of ineffective assistance in the petition is a

sentence that follows petitioner's description of his objections to the expert testimony.  In

particular, he says that counsel "did not object to prejudice, wrongful and unconstitutional

statements." Dkt. #1 at 5.  Even if I assume that petitioner means to argue that his trial and

appellate counsel were ineffective for failing to raise constitutional challenges, he would have

to present *that* claim to the state courts as well, Edwards v. Carpenter, 529 U.S. 446 (2000),

something he does not allege that he has done.

I conclude that is unnecessary to give petitioner an opportunity to raise an ineffective

assistance claim in state court because it is clear that such a claim would fail, as would a

claim that the expert testimony submitted at trial violated the due process clause or the equal

protection clause.  28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may

be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

available in the courts of the State.").  As to the equal protection clause, petitioner does not

identify any way in which the state court discriminated again him.  As to the due process

clause, "[s]tate court evidentiary rulings only implicate the Due Process Clause when

evidence is so extremely unfair that its admission violates fundamental conceptions of

justice," a claim that "almost always fail[s]." Richardson v. Lemke, 745 F.3d 258, 275 (7th

Cir. 2014).  In this case, petitioner does not deny that he has been convicted of a sexually

violent crime, that he suffers from a mental illness that makes it difficult for him to control his behavior or even that the state's experts were qualified to testify about his risk for reoffending.  Gilbert, 776 F.3d at 492.  Rather, all of his challenges to the evidence relate to actuarial instruments that experts used in determining his risk for recidivism, such as the Rapid Risk Assessment for Sex Offense Recidivism and the Static-99.  However, petitioner acknowledges that his own experts were allowed to give their opinions regarding the limitations of these instruments and that his counsel cross-examined the state's experts about potential weaknesses in their opinions.  Dkt. #1 at 4.  See also Thomas, 2016 WI App 50, at ¶ 13 ("[T]he hearing consisted largely of two well-qualified experts disagreeing on the best way to deal with what they both believed was a problem with using the Static–99 with the 2000 norms.").

Because "states must have appropriate room to make practical, common-sense judgments in the arena of civil commitment, . . . the existence of a professional debate about a diagnosis or its use in the civil commitment context does not signify its insufficiency for due process purposes, particularly where, as here, that debate has been evaluated by the factfinder."  Brown, 599 F.3d at 611, 614 (internal quotations omitted).  This statement applies equally to professional debates about actuarial instruments.  Because petitioner had the opportunity to challenge the evidence in front of the factfinder and he identifies no reason that his opportunity was insufficient to limit any potential prejudice, I see no basis for concluding that the evidence presented was "so extremely unfair that its admission violates fundamental conceptions of justice."  Richardson, 745 F.3d at 275.

This leaves a claim for ineffective assistance of counsel.  Because I conclude that the admission of the expert testimony did not violate petitioner's constitutional rights, counsel's failure to raise those claims would not qualify as ineffective assistance under the Constitution.  If petitioner means to argue that his counsel failed to object to the admission of the expert testimony, that would be inconsistent with both the decision of the Wisconsin Court of Appeals and the allegations in the petition, so there is no basis for such a claim. Thomas, 2016 WI App 50, at ¶ 2 ("Before trial, Thomas filed a motion pursuant to Wis. Stat. § 907.02(1), seeking to exclude expert evidence relating to Thomas's likelihood of sexually reoffending based on scores derived from the use of the Rapid Risk Assessment for Sex Offense Recidivism (RRASOR) actuarial instrument, and a State expert's use of the 2008 recidivism risk norms ('2008 norms') with the Static–99, a separate actuarial instrument.") (footnote omitted); Dkt. #1 at 2 ("Mr. Thomas . . .  filed a motion to exclude evidence pursuant to Wis. Stat. § 907.02(1) [in which he argued that the expert testimony] did not meet the Daubert standard.").  Accordingly, I am denying the petition on the merits.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell,

537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that the petition should be denied. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. The petition for a writ of habeas corpus filed by Allen F. Thomas is DENIED for his failure to show that he is in custody in violation of federal law.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 2d day of March, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge